# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Marvin Lafontant<br><br>Plaintiff,<br><br>V.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.<br><br><br><br>JURY TRIAL DEMANDED. |

## INTRODUCTION

This action seeks statutory, actual, and punitive damages for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

Equifax failed to provide Plaintiff with all information in his consumer file as required under 15 U.S.C. § 1681g(a). This failure deprived Plaintiff of his right to identify, verify, and dispute harmful inaccuracies in his credit report, ultimately resulting in credit denial, emotional distress, and financial harm.

## JURISDICTION AND VENUE

Jurisdiction is proper under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

Venue is proper in this District under 28 U.S.C. § 1391(b), as the Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

1

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## PARTIES

Plaintiff Marvin Lafontant is a natural person residing in Dorchester, Massachusetts, and a "consumer" as defined by 15 U.S.C. § 1681a(c).

Defendant Equifax Information Services, LLC is a consumer reporting agency under 15 U.S.C. § 1681a(f), headquartered at 1550 Peachtree Street NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

On or about August 26, 2025, Plaintiff lawfully requested a full consumer disclosure from Equifax via www.annualcreditreport.com, as authorized under FCRA § 1681g.

Equifax provided a file purporting to be a "full disclosure" but omitted vital information, including full account numbers, internal account codes, payment history fields, and status codes for several entries.

These omissions involved, but were not limited to:

Southwest Credit Systems, Portfolio Recovery Associates, Capital One Bank USA NA

Due to these redactions and missing fields, Plaintiff could not identify the original nature or validity of the accounts, nor initiate a proper dispute process.

On or about August 26, 2025, Plaintiff was denied credit when applying for an auto loan through DCU (Digital Federal Credit Union). The denial letter specifically cited "negative Equifax data."

Unable to verify or challenge the negative items, Plaintiff was placed in a position of helplessness and uncertainty.

As a direct result, Plaintiff suffered:

Anxiety and sleeplessness, requiring two therapy sessions.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Reduced focus at work, leading to a documented written warning from his employer.

Out-of-pocket expenses related to legal consultation and credit monitoring services.

Equifax's omissions violate FCRA § 1681g(a), which mandates that a CRA must provide a "Clear and accurate" disclosure of all information in the consumer's file.

Equifax has the ability to provide full disclosures including third parties like lenders and debt collectors yet intentionally with holds information from consumer disclosures to limit disputes and reduce administrative costs.

The FTC's 2000 Darcy letter confirms that truncated account data violates § 1681g(a).

Courts have ruled that CRAs must include full account information in disclosures. See Washington v. Equifax, No. 3:19-cv-00154 (M.D. Tenn. 2019) and Johnson v. MBNA America Bank, 357 F.3d 426 (4th Cir. 2004).

Equifax's behavior is part of a broader, systemic pattern affecting consumers nationwide.

Equifax acted willfully, or at minimum recklessly and negligently, in withholding this information from Plaintiff.

## COUNT I

Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681g(a)

(Failure to Clearly and Accurately Disclose File Contents)

Plaintiff re-alleges all preceding paragraphs.

Equifax violated § 1681g(a)(1) by failing to disclose all information in Plaintiff's file at the time of the request, including key account identifiers and histories necessary for dispute purposes.

3

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

## DAMAGES

As a result, Plaintiff is entitled to:

Statutory damages of up to $1,000 under § 1681n(a)(1)(A)

Punitive damages under § 1681n(a)(2) for willful violations

Actual damages under § 1681o(a)(1), including therapy costs and credit denial

Attorney's fees and costs under §§ 1681n(a)(3) and 1681o(a)(2)

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

Award statutory damages under 15 U.S.C. § 1681n(a)(1)(A);

Award actual damages under 15 U.S.C. § 1681o(a)(1);

Award punitive damages under 15 U.S.C. § 1681n(a)(2);

Award attorney's fees and costs under §§ 1681n(a)(3) and/or 1681o(a)(2);

Grant such other relief as this Court deems just and proper.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

DATED: February 4th, 2026

Respectfully submitted,

Marvin Lafontant

10 Sargent Street

Dorchester, MA 02125

Pro Se Plaintiff